Douglas R. Weider
GREENBERG TAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07928
(973) 360-7916
weiderd@gtlaw.com

*Attorney for Defendant*
*Teva Pharmaceuticals, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HORIZON ORPHAN LLC, HORIZON THERAPEUTICS USA, INC., and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | Civil Action No. 1:22-cv-1382-RMB-AMD |
| Plaintiffs, | |
| v. | **[PROPOSED] ORDER TO SEAL** |
| | *Filed Electronically* |
| TEVA PHARMACEUTICALS, INC., | |
| Defendant. | |

**THIS MATTER** having been opened to the Court by the application of Defendant Teva Pharmaceuticals, Inc. ("Teva") by and through their undersigned counsel, in connection with the Motion to Seal, pursuant to Local Civil Rule 5.3(c), portions of the following:

1. Stipulation and proposed Order, dated March 24, 2023, at DE No. 83-1

2. Stipulation and Order, dated March 28, 2023, at DE No. 84

The Court having considered the papers submitted by Teva in support of the motion; and the Court having considered and adopted the Declaration of Douglas R. Weider with Exhibit 1, and the Court having further found that the standards of Local Civil Rule 5.3(c) have been met and

1

support the sealing of the Confidential Stipulation; and counsel for Horizon Orphan LLC, Horizon Therapeutics USA, Inc., and The Regents of the University of California (collectively "Plaintiffs") taking no position as to the confidentiality of the material sought to be sealed but, for the purposes of this Motion only, not objecting to the relief requested in Teva's Motion to Seal; and for other and good cause having been shown, the Court hereby finds:

**FINDINGS OF FACT**

A. Through discovery in this consolidated case, the Parties have produced confidential information, the public disclosure of which would affect their legitimate business interests. To protect the confidentiality of this information, the Parties agreed to maintain the confidentiality of any materials produced pursuant to the Discovery Confidentiality Order ("DCO"), entered by this Court on November 1, 2022, at DE No. 54.

B. The DCO allows the Parties to designate information as "Confidential." The DCO acknowledges that the Parties will exchange documents that contain confidential information, and strictly limit access to these documents. The DCO further provides that a party wishing to use material designated as "Confidential" must move pursuant to Local Civil Rule 5.3(c) for leave to file the submission under seal.

C. Pursuant to the DCO and Local Civil Rule 5.3(c), Teva moves to seal the Confidential Stipulation.

D. The portions of the Confidential Stipulation identified in the Index concurrently submitted in support of this motion that are sought to be sealed are collectively referred to herein as the "Confidential Material."

E. The Confidential Material contains and/or reflects information that Teva has designated as "Confidential" pursuant to the DCO.

F. In particular, the Confidential Material contains Teva's highly proprietary and confidential information related to Teva's Abbreviated New Drug Applications ("ANDAs"), its associated products, and related communications with the U.S. Food and Drug Administration (the "FDA") concerning the ANDAs and the associated products.

G. The Confidential Material is regarded as highly proprietary and kept confidential and is not otherwise disseminated to the public.

H. The DCO entered in this consolidated matter provides for the confidential treatment of this type of proprietary information. The legitimate private or public interests which warrant confidentiality are: the Parties to this patent case have a legitimate interest in maintaining the confidentiality of their information related to Teva's ANDAs, its associated products, and related communications with the FDA concerning the ANDAs and the associated products. The clearly defined and serious injury that would result if the Confidential Material is disclosed is: Teva would be seriously injured. Information which was not intended to be seen by competitors would be available for review and potential use against Teva. Moreover, competitors (actual and potential) in the highly competitive pharmaceutical industry, who are not Parties to this action would have access to the Confidential Material. There is no less restrictive alternative to the sealing of the Confidential Material.

I. Teva has complied with the terms of the DCO and Local Civil Rule 5.3(c) by moving to seal the Confidential Material.

**CONCLUSIONS OF LAW**

A. The Court, having considered this motion pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and the Teva's submission in support of the motion, finds that the Parties have satisfied their burden of proving under L. Civ. R. 5.3(c) and applicable case law, that the Confidential Material is confidential and entitled to protection. There exists in civil cases a common law public right of access to judicial proceedings and records. *Goldstein v. Forbes* (*In re Cendant Corp.*), 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889–91 (E.D. Pa. 1981). Additionally, this District has held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such

4

information may be protected from disclosure." *Id*. (citations omitted); *see also* 21 C.F.R. § 314.430(b)–(d) (ANDA information not available for public disclosure); *Valeant Pharm. Luxembourg S.a r.l. v. Actavis Labs. UT, Inc.*, No. 1604344, 2018 WL 1832914, at *2 (D.N.J. Apr. 16, 2018) (recognizing the public interest in keeping ANDA information confidential).

B. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of: (1) the nature of the materials or proceedings at issue; (2) the legitimate private or public interest which warrants the relief sought; (3) the clearly defined and serious injury that would result if the relief sought is not granted; and (4) why a less restrictive alternative to the relief sought is not available.

C. The Confidential Material in Teva's submission satisfies the standards set forth in Local Civil Rule 5.3(c) and there is no less restrictive alternative to sealing the Confidential Material.

**THEREFORE**, it is on this _____ day of _____, 2023;

**ORDERED** as follows:

1. The Confidential Material identified in the Index submitted concurrently herewith as Exhibit 1 attached to the Declaration of Douglas R. Weider contains Teva's confidential and proprietary information.

2. The Court further finds that Teva would suffer substantial and specific harm, including but not limited to, potential financial damage through the divulgence of such Confidential Material, that the public interest weighs in favor of the Confidential Material remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, the motion pursuant to Local Civil Rule 5.3(c) to seal the Confidential Stipulation is **GRANTED**.

 

————————————————————————
**HONORABLE ANN MARIE DONIO**
**UNITED STATES MAGISTRATE JUDGE**